IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Felix V.G.[1],

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Civil No. 24-1325 (GLS)

**OPINION AND ORDER**

Plaintiff seeks review of the Commissioner of the Social Security Administration's (the "SSA" or "agency") decision to deny his application for Social Security Disability Insurance ("SSDI") benefits. Docket Nos. 1, 10. The SSA opposed. Docket No. 15. The parties consented to the entry of judgment by a United States Magistrate Judge under the provisions of 28 U.S.C. §636(c). Docket Nos. 5, 6. After careful review of the administrative record and the parties' briefs, the Commissioner's decision denying disability benefits is **AFFIRMED**.

**I.     Procedural Background**

Plaintiff worked as a material handler in the pharmaceutical industry until 2011. Tr. 23, 203.[2] On June 13, 2012, Plaintiff filed an application for SSDI claiming that, as of December 22, 2011, the following condition limited his ability to work: severe mayor depression. Tr. 24, 152-53, 824, 836. Subsequently, he amended the alleged onset date to May 14, 2013. Tr. 24. Plaintiff received treatment from several doctors as evidenced by his disability report, including psychiatrist Luis Escabí-Pérez ("Escabí-Pérez"). Tr. 151-162, 1063-67, 1185, 1207, 1210, 1265-93, 1777, 1780, 1831-59.

---

[1]     Plaintiff's last name is omitted for privacy reasons.

[2]     "Tr." refers to the transcript of the record of proceedings.

1

After an extensive fraud investigation, in January 2015 a grandy jury for the District of Puerto Rico returned an indictment against Escabí-Perez, charging him with submitting fraudulent psychiatric medical reports in support of individuals' applications for Social Security benefits. On July 17, 2015, Escabí-Perez pleaded guilty to charges related to Social Security fraud and admitted to submitting fraudulent psychiatric reports and backdating evidence in medical files of patients who applied for Social Security benefits. Tr. 333-349. See also United States v. Escabí-Pérez, Crim No. 15-046 (PG) (D.P.R.). As part of his guilty plea, Escabí-Pérez admitted that he "would at times charge a fee of up to five thousand dollars ($5,000.00) to backdate medical records of his patients in order to represent [to the] SSA a longer history of medical treatment." Tr. 344.

In February 2016, the Office of the Inspector General ("OIG") informed the SSA that it had "reason to believe that fraud was involved in the application of individuals seen by Dr. Escabí-Pérez for monthly disability insurance benefits." Tr. 352-53. The OIG identified 1,512 claimants involved in the scheme. Plaintiff was not one of them. Tr. 458, 715. As such, the evidence of Escabí-Pérez contained in Plaintiff's record was not an issue during Plaintiff's first administrative hearing before ALJ Harold Glanville on May 1, 2018. Tr. 105-19. On May 9, 2018, the ALJ issued his opinion and found that Plaintiff was not disabled as defined in the Social Security Act at any time from his alleged onset date through December 31, 2017, the date last insured. Tr. 187-205. Plaintiff sought review from the Appeals Council. Tr. 325. On June 22, 2021, the Appeals Council remanded for a new hearing before the ALJ based on issues unrelated to potentially fraudulent evidence. Tr. 212-15. A remand hearing was held on September 13, 2022, but it was not recorded properly. Tr. 94-95. Consequently, a further remand hearing was held on March 13, 2023. Tr. 94-104. Although the notice of hearing sent to Plaintiff on December 22, 2022, informed of the potential exclusion of evidence submitted by Escabí-Pérez, during the hearing on March 13, 2023, counsel for Plaintiff informed the ALJ that he had not received that portion of the notice.[3] Tr. 94-104, 666-70. As such, the ALJ postponed the hearing to allow for a complete notification process. Tr. 100-01.

On March 29, 2023, the Commissioner sent Plaintiff another notice of hearing in which it explained that it was required to redetermine his eligibility for benefits under § 405(u) because

---

[3] Plaintiff's counsel argued that the ALJ lacked jurisdiction to evaluate fraud or similar fault because that potential issue was not contemplated in the Appeals Council Remand Order. The ALJ addressed the objection as to jurisdiction in a letter dated March 14, 2023. The ALJ determined that the objection had been overruled.

Escabí-Pérez pleaded guilty to charges related to Social Security fraud and admitted to submitting fraudulent psychiatric reports and backdating evidence in medical files of patients who applied for Social Security benefits. Tr. 715. The notice also identified the suspect exhibits (2F, 9F, 30F) and informed Plaintiff that he could make arguments and submit evidence related to the issue of exclusion. Tr. 715-18. The ALJ held the remand hearing in June 2023. Tr. 61-89. At the hearing, the ALJ explained that he was going to determine whether to exclude the medical evidence related to Escabí-Pérez due to fraud or similar fault. Tr. 63. He also provided Plaintiff's attorney with the opportunity to argue why that evidence should not be excluded. Tr. 64, 67. Counsel for Plaintiff argued that Plaintiff was unaware of Escabí-Pérez's alleged fraud scheme. Tr. 88. On October 4, 2023, the ALJ concluded that Plaintiff was not entitled to disability benefits. Tr. 23-47. The ALJ concluded that the medical records submitted by Escabí-Pérez involved fraud because "[t]he psychiatric medical report at Exhibit 2F from Dr. Escabi-Perez aligns with the reported fraud scheme." Tr. 25-26. The ALJ explained that:

> Plaintiff applied for benefits in June 2012. In August 2012, Dr. Escabi-Perez submitted a report saying he was treating [Plaintiff] for many months. The psychiatric report findings were consistent with the doctor's other reports for other claimants that came to light during the investigation (See 23B, 24B, 25B; 27B). Furthermore, the severity of Dr. Escabi-Perez's findings here were not consistent with the consultative examiner's findings in 2013 and are entirely inconsistent with extensive other medical evidence of record (Ex. 10F). From this, the [ALJ] finds that there is reason to believe that fraud, or similar fault was involved in the providing of evidence from Dr. Escabi-Perez and disregarded that evidence.

Tr. 26. After disregarding the purported fraudulent evidence, the ALJ considered the remaining evidence. See Social Security Ruling ("SSR") 22-1p, 2022 WL 2533116, at *4 (May 17, 2022) ("we will consider all other evidence that relates to the individual's entitlement or eligibility during the period at issue in the redetermination, in accordance with our rules"). The ALJ applied the regulatory five-step sequential process for evaluating disability claims and found that Plaintiff was not disabled because he could perform jobs existing in significant numbers in the national economy. In making his determination, the ALJ considered Plaintiff's objections to the exclusion of the medical notes from Escabí-Pérez. Id. The ALJ ultimately found that Plaintiff was not disabled. The Appeals Council denied Plaintiff's subsequent appeal. Tr. 1-5. On July 22, 2024, Plaintiff filed this action. Docket No. 1.

## II.     Standard of Review

The Court may affirm, modify, reverse, or remand the decision of the Commissioner based on the pleadings and transcript. 42 U.S.C. §405(g). The Court's role is limited to deciding whether the ALJ's decision is supported by substantial evidence in the record and based on a correct legal standard. See id.; Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Manso-Pizarro v. Secretary, 76 F.3d 15, 16 (1st Cir. 1996); Ortiz v. Secretary, 955 F.2d 765, 769 (1st Cir. 1991). The Commissioner's findings of fact are conclusive when supported by substantial evidence but not when obtained by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999). "Substantial evidence" is more than a "mere scintilla." It is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018). Under the substantial evidence standard, "a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations" and "the threshold for such evidentiary sufficiency is not high". Biestek v. Berryhill, 587 U.S. 97, 103-04 (2019).

A determination of substantiality must be based in the record. Ortiz, 955 F.2d at 769. It is the Commissioner's responsibility to weigh credibility and to draw inferences from the evidence. Rodríguez v. Secretary, 647 F.2d 218, 222 (1st Cir. 1981). Courts will not second guess the Commissioner's resolution of conflicting evidence. Irlanda Ortiz v. Secretary, 955 F.2d 765, 769 (1st Cir. 1991). The Commissioner's findings must be upheld if a reasonable mind, viewing the evidence in the record, could accept them as adequate to support his conclusion. Rodríguez, 647 F.2d at 222. And even if there is substantial evidence, which could arguably justify a different conclusion, the Court must uphold the ALJ's decision if supported by substantial evidence. 20 C.F.R. §404.1546(c); Rodríguez Pagán v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir.1987).

## III.     Discussion

It is well-settled policy that Congress has instructed the SSA to "immediately redetermine the entitlement of individuals to [DIB] if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits." 42 U.S.C. § 405(u)(1)(A). "When redetermining the entitlement, or making an initial determination of entitlement, of an individual under this subchapter, the Commissioner of Social Security shall disregard any evidence if there is reason to believe that fraud or similar fault was involved in the providing of such

4

evidence." Id. § 405(u)(1)(B). To redetermine a claim under Section 405(u), the SSA must have some "reason to believe" that fraud or similar fault was involved. The Appeals Council defines its procedures and guiding principles in the Hearings, Appeals and Litigation Law manual ("HALLEX").[4] According to HALLEX, the agency may develop a "reason to believe" an application involved fraud or similar fault as a result of (1) an SSA investigation, (2) a referral based on a criminal or other law enforcement investigation, or (3) a referral from the OIG to the Commissioner of Social Security. HALLEX I-1-3-25(C)(4)(a) (updated June 7, 2022).

Plaintiff's challenge focuses solely on the exclusion of the medical evidence submitted by Escabí-Pérez. But that challenge, "goes up in smoke because [] [P]laintiff's argument was cursorily raised in [his] brief[] and lacked a coherent discussion and a well-developed line of reasoning." Sepúlveda-Vega v. Comm'r of Soc. Sec., 2024 WL 3325331, at *8 (D.P.R. July 3, 2024). In fact, it is unclear what are Plaintiff's arguments on appeal. See Docket No. 10. Plaintiff's submission has little to no supporting caselaw, and portions of the discussion appear to refer to a different case. Indeed, the brief has the wrong last name for Plaintiff and is plagued with confusing formatting and careless copying and pasting. See Docket No. 10.[5] It also mirrors paragraph by paragraph the ALJ's decision. Compare Docket No. 10 at pp. 1-5 with Tr. 24-27. At page five, the brief copies at verbatim the wording used in a motion to remand filed by the Commissioner in Civil Case No. 19-2069 (CVR). Compare Docket No. 10 at pp. 5-8 with Civil Case No. 19-2069 (CVR) at Docket No. 9 ¶¶ 1, 2, 4, 5-7. Pages one through seven do not contain a single argument in support of the appeal. From pages eight to eleven, Plaintiff simply copied and pasted from the decision in Pérez-Maldonado v. Comm'r of Soc. Sec., 2024 WL 3517637 (D.P.R. July 24, 2024), without making arguments or even providing a citation to the case. At the end of the brief and without making a single argument or providing the Court with some rationale for his challenge, Plaintiff concluded that "[t]here being NO substantial evidence of record to support the Commissioner's decision that plaintiff failed to establish that no Fraud existed he continues to be

---

[4] HALLEX can be found online at https://www.ssa.gov/OP_Home/hallex/hallex.html.

[5] This is not the first time this Court has had to admonish counsel for Plaintiff for similar issues in other cases. See Sepúlveda-Vega, 2024 WL 3325331; Rodríguez-Alicea v. Comm'r of Soc. Sec., 2023 WL 6370397, at *3 (D.P.R. Sept. 29, 2023); Córdova v. Comm'r of Soc. Sec., 2023 WL 4758616, at *3 n.1 (D.P.R. July 26, 2023); Pérez-Plaza v. Comm'r of Soc. Sec., 2021 WL 838415, at *6 n.4 (D.P.R. Mar. 4, 2021).

disabled within the meaning of the Social Security Act. It is respectfully submitted that the decision of the Commissioner should be REVERSED." Docket No. 10 at p. 11.

It is a well-settled principle that issues raised in a perfunctory manner, unaccompanied by some effort at developed argumentation, are waived. See Rodríguez-Alicea, 2023 WL 6370397, at *4; Handford ex rel. v. Colvin, 2014 WL 114173, at *11 (N.D. Ill. Jan. 10, 2014). This is the case here where Plaintiff's "skeletal, incomplete, and wholly underdeveloped arguments are inadequate[.]" Sepúlveda-Vega, 2024 WL 3325331, at *9. As expressed by the First Circuit, "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. [ ] Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (internal citations omitted). As such, courts are not required to consider arguments skeletally raised or insufficient pleadings. Sepúlveda-Vega, 2024 WL 3325331, at *9 ("It is not an option for courts to play the role of litigator and fill in the blank spaces of the parties' inadequate and deficient pleadings."). This case is no exception. Even if I were able to decipher Plaintiff's arguments, indulging Plaintiff would be a waste of judicial resources and would allow counsel to effectively abdicate his responsibility of advocating for his client. See Rodríguez-Machado v. Shinseki, 700 F.3d 48, 50 (1st Cir. 2012); Whole Woman's Health v. Jackson, 595 U.S. 30, 39 (2021). Plaintiff's brief is merely one-liner in the last page. Critically, Plaintiff does not even contend, for example, that the non-fraudulent evidence in the record would have been sufficient to support a finding of disability. The Court need not go further.

### IV.    Conclusion

For the reasons discussed above, the Commissioner's decision is **AFFIRMED**, and this action is dismissed.

Judgment to be entered accordingly.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 30th day of September 2025.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge